UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TERRY DENNIS JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 09-CV-164-ART |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In his amended complaint, Plaintiff Terry Dennis Jones alleges that officers at the United States Penitentiary, McCreary ("USP-McCreary") committed a tort, when they lost personal property of his, in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*[1] However, the United States is immune from such claims under an exception to the FTCA, 28 U.S.C.. § 2680(c). *See Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831, 840-41 (2008). Since Jones, a pro

---

[1] On May 11, 2009, the plaintiff filed a complaint against the United States. *See* R. 2. Later, on June 11, 2009, he filed another complaint in which he claimed three USP-McCreary officers were the defendants. *See* R. 6. Both complaints relate to the same events. Since he is proceeding pro se, these two complaints taken together will be considered his amended complaint. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). Though neither complaint is clear about which federal law was violated, based on the allegations of negligence by federal employees, his amended complaint will be construed as an action under the FTCA.

Additionally, the Court will construe the named defendant in this case to be only the United States, since the FTCA requires this in such negligence actions. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." (citing 28 U.S.C. § 2679(a))).

se prisoner plaintiff,[2] seeks relief from a defendant that is immune from such relief, this Court must dismiss the action following its screening of his complaint. *See* 28 U.S.C. § 1915A(b)(2).

## BACKGROUND

The Court has liberally construed, in Jones' favor, the following factual allegations from his amended complaint. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). During the relevant time period, he was an inmate at USP-McCreary. On or about October 14, 2008, he was placed in the Special Housing Unit ("SHU") at USP-McCreary for fighting. R. 2 at 1.

During the investigation of the fight, Lieutenant Burchett and Lieutenant Baker took a pair of Jones' Nike shoes. *Id.*; R. 6 at 2. Lieutenant Baker claimed his shoes were needed for the investigation because they had blood on them. R. 6 at 2. Lieutenant Burchett told Jones he would hold onto the shoes until the investigation was finished and then put them with Jones' other property. *Id.* Also, Officer C. Copley placed a bag containing Jones' clothing inside the unit SA office. R. 2 at 1; R.6 at 2.

On October 20, 2008, a correctional officer inventoried Jones' property. *Id.* He told the officer that not all of his property was present. *Id.* In particular, the bag Officer Copley had placed in the unit SA office and his Nike shoes were not present. *Id.* The officer inventorying his property acknowledged that the form documenting his property stated that only one of his two bags was present. *Id.* Further, the officer advised him that he was only signing for the property that was present. *Id.* Thus, Jones signed the receipt form. *Id.*

On December 23, 2008, Jones filed a grievance for his lost property under the Bureau of

---

[2]Jones is currently incarcerated at the United States Penitentiary, Big Sandy ("USP-Big Sandy"), in Inez, Kentucky. *See* R.6 at 1.

2

Prisons ("BOP") regulations. R. 2 at 1; R. 6 at 4. However, on March 23, 2009, his claim was denied because, by signing the receipt form, he had certified the accuracy of the inventory listed thereon and had thereby relinquished any future claims relating to missing or damaged property. R. 2 at 1; R. 6 at 5.

On May 11, 2009, Jones filed a pro se complaint with this Court, asking for $125 to compensate him for the property that was missing. *See* R. 2 at 1-2. The action was brought against the United States of America. On June 11, 2009, the plaintiff filed an additional complaint. *See* R. 6. Though the second complaint lists Officer Copley, Lieutenant Baker, and Lieutenant Burchett as the defendants, it makes largely the same factual allegations. *See id.*

On June 16, 2009, the Court denied the plaintiff's motion to waive the filing fee. *See* R. 7. But his motion to proceed *in forma pauperis* was granted. *See id.*

Since Jones is a prisoner plaintiff bringing a civil action against a governmental entity, the United States, the Court will now screen his complaint. *See* 28 U.S.C. §1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007)).

**DISCUSSION**

During the Court's screening of an action brought by a prisoner against a governmental entity, the Court will dismiss the action if the complaint: (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). Here, the Court will dismiss Jones' action because he seeks monetary relief from a defendant, the United States, that is immune from such relief. *See* § 1915A(b)(2).

In the FTCA, Congress waived the United States' sovereign immunity for claims arising out

of torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1). As relevant here, the FTCA authorizes "claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* The FTCA exempts from this waiver certain categories of claims. *See* §§ 2680(a)-(n). Relevant here is the exception in subsection (c), which provides that § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other property* by any officer of customs or excise or *any other law enforcement officer*." § 2680(c) (emphasis added).

Prior to the Supreme Court's ruling in *Ali*, the Sixth Circuit held that § 2680 applied only to law enforcement officers performing tax or custom functions. *See Kurinsky v. United States*, 33 F.3d 594, 598 (6th Cir.1994) (holding that "§ 2680(c) is limited to the detention of goods by law enforcement officers acting in a tax or customs capacity"), *overruled by Ali*, 128 S.Ct. at 841. And if *Kurinsky* were still good law, § 2680(c) would permit Jones' claim since the BOP officers at USP-McCreary were not performing tax or custom functions. However, in *Ali*, the Supreme Court recognized that § 2680(c) also includes situations where BOP officers negligently lose property of an inmate. *See* 128 S.Ct. at 841 ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers."). In light of *Ali*, the United States is immune from a lawsuit based on the alleged unlawful detention of Jones' property. Consequently, Jones' action must be dismissed. *See* 28 U.S.C. § 1915A(b)(2).

The question in *Ali* was whether an inmate could bring an action under the FTCA for his property that was allegedly lost by the BOP. *Id.* at 834. The plaintiff there was being transferred

4

from the United States Penitentiary in Atlanta to USP-Big Sandy. *Id.* Two duffle bags of his property were to be shipped to USP-Big Sandy. *Id.* Upon arriving at USP-Big Sandy, the plaintiff inspected his bags and noticed items were missing. *Id.* To be compensated for the $177 in lost property, he filed an administrate tort claim. *Id.* However, his claim was denied because he had signed a receipt form acknowledging the accuracy of the inventory listed and thereby relinquishing any future claims to his lost property. *Id.* After the denial, he filed a complaint in district court alleging, among other things, violations of the FTCA. *Id.* Both the Eleventh Circuit and Supreme Court affirmed the district court's dismissal of the plaintiff's FTCA since the United States was immune from such a claim under § 2680(c).

The material facts for Jones' case are essentially identical to the facts in *Ali*. Jones also alleges that BOP officers lost his property and, thus, he believes he should be compensated for their negligence. Similar to the plaintiff in *Ali*, his administrative tort claim was denied because he signed a receipt form relinquishing his rights to future claims. There are no material facts that distinguish the instant case from *Ali*.

As a general matter, similar cases demand similar results. Most significantly, Congress has not waived the United States' sovereign immunity for claims such as Jones'. *See id.* at 841 ("§ 2680(c), far from maintaining sovereign immunity for the entire universe of claims against law enforcement officers, does so only for claims 'arising in respect of' the 'detention' of property."). Without such a waiver, the United States is immune from Jones' claim. Therefore, upon its initial screening, this Court must dismiss Jones' case. *See* 28 U.S.C. § 1915A(b)(2).

Jones may argue that such a decision leaves him with no remedy for the allegedly negligent acts of the BOP officers at USP-McCreary. This concern was addressed in *Ali* when the Supreme

5

Court stated the following:

> Congress, we note, did provide an administrative remedy for lost property claimants like petitioner. Federal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain "claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." The BOP has settled more than 1,100 such claims in the last three years.

*Ali,* 128 S.Ct. at 841 n.7 (citation omitted). The Court points out this statute out simply to advise the pro se plaintiff of a possible remedy. The Court takes no position on whether the head of the BOP, under § 3723(a)(1), will settle Jones' claim. Even if this is the unfortunate situation where the plaintiff is left with no remedy, this Court can do nothing since the FTCA does not waive the United States' sovereign immunity for claims such as Jones'. *See Ali*, 128 S.Ct. at 841 ("We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable.") (footnote omitted).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) R. 2 and R. 6 are **CONSTRUED** as the plaintiff's amended complaint.

(2) Upon the Court's initial screening of the amended complaint, this action is **DISMISSED WITH PREJUDICE** since the plaintiff seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915A(b)(2).

(3) **JUDGMENT** shall be entered contemporaneously with this Memorandum Opinion and Order, in favor of the defendant.

This the 24th day of August, 2009.



Signed By:
*Amul R. Thapar*
**United States District Judge**